**NOT FOR PUBLICATION**

JUN 05 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIN MUI TJHIN, | No. 10-72337 |
| Petitioner, | Agency No. A097-369-290 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2014
Pasadena, California

Before: WARDLAW and FISHER, Circuit Judges, and DAWSON,  District Judge.[**]

Sin Tjhin, a native and citizen of Indonesia, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.


[**]     The Honorable Kent J. Dawson, Senior United States District Judge for the District of Nevada, sitting by designation.

Judge's ("IJ") decision denying her application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's determination that the harm suffered by Tjhin did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) (upholding the IJ's conclusion that petitioner being beaten by a mob, stripped naked and spat upon during school, denied medical treatment and arrested and detained for a couple of days after police claimed they found drugs in the car he was riding in failed to rise to level of persecution); *Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (upholding the BIA's determination that petitioner's beating, robbery and confrontation with a threatening mob failed to rise to level of persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (upholding the BIA's finding that petitioner being beaten one time, harassed and threatened failed to rise to level of persecution).

In the absence of past persecution, an applicant may still be eligible for asylum based on a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b); *Halim,* 590 F.3d at 976. Here, substantial evidence supports the BIA's conclusion that Tjhin failed to show an objectively reasonable fear of future persecution or an individualized risk of persecution under a disfavored group

analysis. *See Halim,* 590 F.3d at 977-79; *Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 nn.4-5 (9th Cir. 2007) (en banc). This conclusion was properly buttressed by the finding that Tjhin's family members continued to reside in Indonesia without harm, and the closure of her brother's motorcycle business does not compel a contrary conclusion. *See Santos–Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) ("We have considered the continuing safety of family members to be an important factor in determining whether the petitioner has a well-founded fear of future persecution"), *overruled on other grounds by Henriquez–Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

Because Tjhin "could not establish her eligibility for asylum," substantial evidence supports the denial of Tjhin's application for withholding of removal, "which imposes a heavier burden of proof." *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir 2006); *see* 8 C.F.R. § 208.16(b)(2). Substantial evidence also supports the BIA's denial of CAT relief, as Tjhin failed to establish it was more likely than not that she would be subject to torture if removed to Indonesia. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001).

The BIA did not deprive Tjhin of the full and fair hearing guaranteed by the Due Process Clause. The BIA's failure to mention certain details, such as the fact that Tjhin resided in her sister's home when it was burned, does not rebut the

3

presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006); *Larita–Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000).

**PETITION DENIED.**